UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHAWN K. KANE,

                        Plaintiff,

             -against-

U.S. ATTORNEY GENERAL MERRICK B.
GARLAND, Attorney General of the United
States, U.S. Department of Justice,

                        Defendant.
-------------------------------------------------------------X

**ORDER**
No. 25-CV-6680 (NCM) (JRC)

**JAMES R. CHO, United States Magistrate Judge:**

Plaintiff Shawn K. Kane brings this *pro se* action, along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 1, 2.)   For the reasons discussed below, Plaintiff's application to proceed *in forma pauperis* ("IFP") is denied.   In order to proceed with this action, Plaintiff is granted until **February 27, 2026**, to pay the $405.00 filing fee.

The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system.   *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004).   A plaintiff seeking to proceed IFP must submit an affidavit stating "that [he or she] is unable to pay" filing fees "or give security therefor."   28 U.S.C. § 1915(a)(1).   Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue," 28 U.S.C. § 1915(e)(2)(A), and courts in this District often treat that dismissal provision as applicable when a litigant's statement of assets fails to establish the level of poverty required

under the IFP statute. *See, e.g., Miller v. Smith*, No. 21-CV-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Grimes v. Sil*, No. 19-CV-1066, 2019 WL 981639, at *1 (E.D.N.Y. Feb. 27, 2019). "If it appears that an applicant's access to [ ] court has not been blocked by his financial condition; rather [that] he is merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case, then a court properly exercises its discretion to deny the application." *Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)).

Here, Plaintiff earns $3,863.00 per month in salary, receives $3,968.00 each month in Veterans Disability benefits, has $465.00 in monthly expenses and has no debts or dependents. (ECF No. 2, ¶¶ 2, 6-8.) Notably, he has $137,000.00 in a Thrift Savings Plan and $16,000.00 in cash or in a checking or savings account. (*Id.* at ¶¶ 4-5.) Based on this information, the Court is not persuaded that he is unable to pay the filing fee to bring this action.

## CONCLUSION

Accordingly, Plaintiff's IFP application is denied. In order to proceed with this action, Plaintiff is granted until **February 27, 2026**, to pay the $405.00 filing fee.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and note the mailing on the docket. All further proceedings shall be stayed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**

Dated:  Brooklyn, New York
        February 12, 2026

s/ James R. Cho
James R. Cho
United States Magistrate Judge